WIENER, Circuit Judge,
concurring in part and dissenting in part.
I concur in the panel majority’s opinion and judgment to the extent that it affirms the district court’s dismissal of Al-Raid’s claims against the prison chaplains for allegedly disregarding established prison rules (section III.B.), racial discrimination (III.C.), and infringement on the free exercise of his religion (III.D.), as well as our rejection of Al-Ra’id’s allegation that the district court erred in refusing to grant his motion to amend his complaint to add new causes of action and new defendants. I dissent, however, from the panel majority’s affirmance of the district court’s dismissal of Al-Ra’id’s claim that the defendants acted against him *34 in retaliation for his attempt to assert his Constitutional right of access to the courts (section III.A.).
Al-Ra’id is a prisoner in the Texas state system, proceeding pro se and in forma pau-peris (IFP). That we construe the pleadings of such parties liberally is so well established that no citation is required. Despite such liberality, however, the panel majority concludes that Al-Ra’id’s briefing is so deficient that it constitutes abandonment of the retaliation issue on appeal. I am frankly at a loss to see how that conclusion can be justified.
First, Al-Ra’id filed a notice of appeal to the order of the district court granting summary judgment and dismissing all of his claims. One of these claims was grounded in retaliation for exercising his Constitutional right of access to the courts. In demonstrating to this court that he wished to pursue that claim — at least implicitly demonstrating his belief that the district court had erred in such dismissal — Al-Ra’id stated in his brief both facts and law implicating the claim:
Appellant sues for the continuing deprivation of his Islamic literature without due process, ... and the retaliatory acts taken by Defendant Farooq against the Appellant after Appellant initiated this civil action. (emphasis added).
Two pages later in his brief, Al-Ra’id stated:
Defendant Farooq’s involvement in ... retaliating against the Appellant for petitioning the government for the redress of grievances and utilizing his right to access to the courts, (emphasis added).
Elsewhere in his brief Al-Ra’id details the acts of alleged retaliation, implicating the confiscation of his Islamic religious materials. The majority opinion is correct in noting that Al-Ra’id’s legal and factual allegations concerning retaliation appear in the part of his brief discussing Eleventh Amendment immunity while, ideally, it should have been in the part discussing qualified immunity. But if that type of “wrong pew” organizing of a brief by a pro se IFP prisoner is not the kind of imperfection that is excused by liberal construction, it is hard for me to envision either the justice in or utility of the rule.
It is true that Al-Ra’id did not cite case law, did not utter magic words about the district court committing reversible error, and did not file with us a brief that is a paragon of clarity and legal syntax. Yet the purpose of our briefing requirements is clearly met: Neither this court nor the defendants can legitimately turn a blind eye to the above-quoted statements from Al-Ra’id’s brief, for they obviously serve the briefing rule’s purpose of alerting us and the defendants to the legal and factual bases of Al-Ra’id’s appeal from the district court’s dismissal of his retaliation claim. Even if Al-Ra’id is confused or does not know the difference between qualified immunity and Eleventh Amendment immunity, we and counsel for the Defendants certainly do. And, like our liberal construction rule, the cause of action in retaliation for accessing the courts is so well and long established as to need no citation.[3]
In all candor, I would not “bet the farm” on Al-Ra’id’s likelihood of obtaining a judgment based on retaliation, were we to allow his claim to be tried. Neither do I ignore the burden placed on the courts, law enforcement, prison administration, and government in general, that is caused by the burgeoning “recreational” litigation instigated by persons incarcerated. But the resolution of this problem, if there is one, must result fi’om the development of a comprehensive, principled plan, not from sweeping claims under the legal carpet on an ad hoe basis.
As I would reverse the district court’s dismissal of Al-Ra’id’s claim of retaliation, I respectfully dissent, but only on that issue. In all other respects I concur.

. See, e.g., Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995).